811 F.2d 606
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clark J. MCMILLAN, Plaintiff-Appellant,
v.
Sheriff Eugene BARKSDALE, Chief Administrator Tom Lomax, and
Joseph McCartie, Defendants-Appellees.
 No. 85-6006.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1986.
 
 Before JONES and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This appeal has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs submitted by the parties, the panel agrees unanimously that oral argument is unnecessary.
 
 
 2
 Appellant filed an action pursuant to 42 U.S.C. Sec. 1983 in the district court in which he maintained that various acts of appellees McCartie, Barksdale and Lomax constituted violations of various of his civil rights. Specifically, appellant alleged that in late 1982 and early 1983 he was temporarily transferred from the Fort Pillow State Farm to the Shelby County, Tennessee Justice Center so that he might appear at a hearing regarding his petition for post-conviction relief. During that limited time of custody, appellant claims that appellees acting separately or in concert denied him access to the courts by confiscating his typewriter and other materials necessary for his effective participation in that proceeding, refused his reasonable requests for medical care and otherwise subjected him to substandard living conditions, and subjected him to cruel and unusual punishment by forcing him to ride in a poorly ventilated vehicle upon his transfer back to the Fort Pillow State Farm. The district court, however, determined that each of those contentions were without merit and ordered the dismissal of appellant's complaint, the action which is now the subject of this appeal.
 
 
 3
 Examination of the record, particularly the complaint, indicates that the judgment of the district court should be affirmed as none of the allegations contained therein is sufficient to entitle him to recovery under 42 U.S.C. Sec. 1983. First, the claims against appellee McCartie all arise from the latter individual's conduct as presiding judge in the proceedings regarding appellant's petition for post-conviction relief. As appellee McCartie was clearly acting in his official capacity, it would appear that he was immune from any suit arising as a result of those actions. King v. Love, 766 F.2d 962 (6th Cir.1985). A similar immunity protects appellees Lomax and Barksdale from any liability for any injuries which appellant might have sustained in the course of his transfer from the Shelby County Justice Center back to the Fort Pillow State Farm as in taking that action they were merely following an otherwise valid court order to that effect. Bryan v. Jones, 530 F.2d 1210 (5th Cir.1976) (en banc). Finally, appellant's claims that while housed at the Shelby County Justice Center he was denied access to the courts by means of the confiscation of his typewriter and various legal materials, was denied necessary medical treatment, and was otherwise subjected to cruel and unusual punishment are without merit. Other than vague, conclusory statements to that effect, appellant's complaint provides no specific facts which might detail the circumstances of his claims in these regards. Standing alone, such conclusory allegations are wholly ineffective to give use to a cause of action under 42 U.S.C. Sec. 1983. Smith v. Rose, 760 F.2d 102 (6th Cir.1985).
 
 
 4
 It appears that the questions on which this cause depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final judgment of the district court entered September 10, 1985, be and hereby is affirmed.